## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLMIRA GJOCAJ, individually and on behalf of all others similarly situated,<br><br>                         Plaintiff,<br><br>    v.<br><br>INTER_IAM, INC. d/b/a INTER_INTERMERSIVE ART MUSEUM,<br><br>                 Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Allmira Gjocaj brings this action on behalf of herself, and all others similarly situated against Inter_IAM, Inc., d/b/a Inter_Intermersive Art Museum ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

### NATURE OF THE ACTION

1.      For over a year, Defendant has been nickel and diming visitors of its Inter_Intermersive Art Museum on its website in violation of the New York Arts and Cultural Affairs Law § 25.07(4). Whenever a consumer selects an admission ticket on the website https://www.interiam.co/, she is quoted a fee-less price, only to be ambushed by a $4.50 "Convenience Fee" – which is masked under the ambiguous category "Taxes & Fees" – at checkout after clicking through the various screens required to make a purchase. Because these fees are only flashed *after* a museum-goer selects her ticket, and *if and only if* a museum-goer clicks the question mark icon next to "Taxes & Fees," Defendant is able to swindle substantial sums of money from its customers.

2.      To stop this hustle, New York passed Arts and Cultural Affairs Law § 25.07(4), which provides that "every operator … of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket." "Such disclosure of the total cost and fees shall be displayed in the ticket listing *prior to* the ticket being selected for purchase." *Id*. (emphasis added). And "[t]he price of the ticket shall not increase during the purchase process." *Id.* This latest version of the law went into effect August 29, 2022. *See* Exhibit A.

3.      Moreover, Arts and Cultural Affairs Law § 25.07(4) provides that "every operator … of a place of entertainment … shall disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser." *Id.*

4.      For these reasons, Plaintiff seeks relief in this action individually, and on behalf of all other ticket purchasers for Defendant's place of entertainment, the Inter_Intermersive Art Museum, for statutory damages, actual damages, reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant. Defendant sold at least 100,000 tickets to its museum through its website during the applicable class period, and is liable for a minimum of fifty dollars in statutory damages for each ticket sold.

6.      This Court has personal jurisdiction over Defendant because Defendant operates its museum in the state of New York and shas its principal place of business in New York.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District and because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in this District.

## PARTIES

8.      Plaintiff Allmira Gjocaj is an individual consumer who, at all times material hereto, was a citizen and resident of Staten Island, New York.  Plaintiff purchased admission tickets to the Inter_Intermersive Art Museum on August 23, 2023 through Defendant's website, https://www.interiam.co/.  The transaction flow process she viewed on Defendant's website was substantially similar as that depicted in Figures 1 through 5 in this complaint.

9.      Defendant Inter_IAM, Inc. d/b/a Inter_Intermersive Art Museum is a Delaware corporation with its principal place of business in New York, New York.  Defendant owns and operates the Inter_Intermersive Art Museum.

## RELEVANT FACTUAL ALLEGATIONS

10.      When a person visits Defendant's website, https://www.interiam.co/, on the main page, she can click the purple "Book Tickets" button to select admission tickets to visit Defendant's Inter_Intermersive Art Museum in New York City on various dates.   *See* Figure 1, next page.

3



**Figure 1**

11.     After a consumer selects the "BOOK TICKETS" button, she is taken to a screen, which provides a list of various museum admission types, dates, and times.  No ticket prices are shown to a consumer at this stage.  *See* Figure 2.



**Figure 2**

12.     After a consumer clicks on the "Book Now" button in Figure 2, she is taken to another page, which displays the date and time that she selected to visit the museum, as well as the cost of the ticket. *See* Figure 3, next page. The page also requests the consumer put in her personal and contact information. *Id.* The total cost of the ticket is also not displayed on this page. *Id.*



**Figure 3**

13.     After a consumer inputs their information, they are prompted with a set of boxes to check regarding Defendant's refund policy and Terms and Conditions.  The actual total cost of the ticket is not displayed on this page.

6



**Figure 4**

14.     Only after completing this page is a consumer taken to the final checkout screen where they become aware that the displayed ticket price is different than the actual total cost of the ticket.  *See* Figure 4.  This screen requires the consumer to input their payment information. *Id*.  On the right side of the screen, the "Total" ticket price is finally displayed, which includes $8.05 of "Taxes and Fees."  *Id*.  The cost of the ticket jumps from $39.95 (price for adults) to $48.00.  This is the first time Defendant makes explicit mention of additional "fees."  *Id*.

15.     As displayed in Figure 4, Defendant does not delineate how much of the

additional $8.05 is allocated to taxes versus fees. *Id. Only if* a consumer clicks on or hovers

over the question mark icon next to "Taxes & Fees" does the webpage disclose a "Convenience

Fee" of "$4.50." *See* Figure 5.



**Figure 5**

This is the first and only time that Defendant's $4.50 per ticket "Convenience Fee" is displayed

to the consumer. *Id.* And to make matters worse, a consumer can complete the final checkout

page without ever clicking on the question mark icon to be shown Defendant's $4.50 per ticket convenience fee. *Compare* Figure 4 *with* Figure 5.

### NEW YORK ARTS & CULTURAL AFFAIRS LAW

16.     Effective August 29, 2022, New York enacted Arts & Cultural Affairs Law § 25.07(4), which provides that "[e]very operator or operator's agent of a place of entertainment… shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a <u>service charge</u>, or any other fee or surcharge to the purchaser. Such <u>disclosure</u> of the <u>total cost</u> and fees shall be displayed in the ticket listing <u>prior to</u> the ticket being <u>selected for purchase</u>." *Id*. (emphasis added). And "[t]he price of the ticket shall not increase during the purchase process." *Id.*; *compare with* Figures 3 through 5.

17.     Shortly after the law was enacted, ticketing websites peppered the State of New York's Division of Licensing Services with questions about the scope of the law. As explained by the Division of Licensing Services, "the ticket purchasing process begins once a consumer visits a ticket marketplace and first sees a list of seat prices." *See* N.Y. Dep't of State, Div. Licens. Servs., *Request for Additional Guidance – New York State Senate Bill S.9461*, attached hereto as **Exhibit A**, at 1. "From the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself." *Id.* "When a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser <u>should not then have to search for the total price</u> of the ticket <u>as the purchaser proceeds through the purchasing process</u>, it should continue to be readily available to the purchaser." *Id.* at 2 (emphasis added). "In short, the ticket listing must include the total cost

of the ticket, <u>with a breakdown of all service charges, fees and surcharges,</u> that the purchaser must pay just to purchase the ticket." *Id.* (emphasis added).

## CLASS REPRESENTATION ALLEGATIONS

18.     Plaintiff seeks to represent a class defined as all individuals in the United States who purchased tickets to the Inter_Intermersive Art Museum from Defendant's website on or after August 29, 2022 (the "Nationwide Class").  Excluded from the Nationwide Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

19.     Plaintiff also seeks to represent a subclass defined as all individuals in New York who purchased tickets to the Inter_Intermersive Art Museum from Defendant's website on or after August 29, 2022 (the "New York Subclass").  Excluded from the New York Subclass is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

20.     Members of the Nationwide Class and New York Subclass are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Nationwide Class and New York Subclass are at least in the thousands.  The precise number of Nationwide Class and New York Subclass members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Nationwide Class and New York Subclass members may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

21.     Common questions of law and fact exist as to all Nationwide Class and New York Subclass members and predominate over questions affecting only individual Nationwide Class and New York Subclass members.  Common legal and factual questions include, but are not limited to: (a) whether Defendant failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts &

Cultural Affairs Law § 25.07(4); (b) whether the displayed price of Defendant's tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4); and (c) whether Defendant failed to disclose its service fee in a clear and conspicuous manner in violation of New York Arts & Cultural Affairs Law § 25.07(4).

22.     The claims of the named Plaintiff are typical of the claims of the Nationwide Class and New York Subclass in that the named Plaintiff and the Nationwide Class and New York Subclass sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant's failure to disclose the total cost of its tickets, including Defendant's convenience fees, throughout the online ticket purchase process.

23.     Plaintiff is an adequate representative of the Nationwide Class and New York Subclass because her interests do not conflict with the interests of the Nationwide Class and New York Subclass members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Nationwide Class and New York Subclass members will be fairly and adequately protected by Plaintiff and her counsel.

24.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Nationwide Class and New York Subclass members.  Each individual Nationwide Class and New York Subclass member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer

management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**CAUSE OF ACTION**
**New York Arts & Cultural Affairs Law § 25.07**
**(On Behalf Of The Nationwide Class and New York Subclass)**

25.    Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

26.    Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class and New York Subclass against Defendant.

27.    Defendant is an "operator… of a place of entertainment" because Defendant operates the Inter_Intermersive Art Museum, which is a "place of entertainment." "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a theatre, stadium, arena, racetrack, <u>museum</u>, amusement park, or other place where performances, concerts, <u>exhibits</u>, athletic games or contests are held for which an entry fee is charged." N.Y. Arts & Cult. Aff. Law § 25.03(6) (emphasis added).

28.    Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in Figures 3 through 5 of this Complaint.

29.    Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the total cost of its tickets during the purchase process, as depicted in Figures 3 through 5 of this Complaint.

30.     Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to "disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser," as depicted in Figures 4, and 5 of this Complaint.

31.     Defendant's "convenience fee" is an "ancillary fee[] that must be paid in order to purchase the ticket."  N.Y. Arts & Cult. Aff. Law § 25.07(4).

32.     On August 23, 2023, Plaintiff purchased tickets on Defendant's website and was forced to pay Defendant's convenience fee.  Plaintiff was harmed by paying this convenience fee, even though the total cost was not disclosed to Plaintiff at the beginning of the purchase process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

33.     Plaintiff was also harmed by paying this convenience charge, even though it was not clearly and conspicuously disclosed on the final checkout page, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

34.     On behalf of herself and members of the Nationwide Class and New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover her statutory damages or actual damages and reasonable attorneys' fees.  *See* N.Y. Arts & Cult. Aff. Law § 25.33.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Nationwide Class and New York Subclass , prays for judgment as follows:

(a)     For an order certifying the Classes under Rule 23 of the Federal Rules of Civil

Procedure and naming Plaintiff as representative of the Classes and Plaintiff's

attorneys as Class Counsel to represent the Classes;

(b)     For an order declaring that Defendant's conduct violates the statutes referenced

herein;

(c)     For an order finding in favor of Plaintiff and the Classes on all counts asserted

herein;

(d)     For compensatory and statutory damages in amounts to be determined by the

Court and/or jury;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For injunctive relief as pleaded or as the Court may deem proper; and

(h)     For an order awarding Plaintiff and the Classes their reasonable attorneys' fees

and expenses and costs of suit.

Dated: February 9, 2024                          **BURSOR & FISHER, P.A**.

                                                 By: ____*/s/ Philip L. Fraietta*____
                                                        Philip L. Fraietta

                                                 Philip L. Fraietta
                                                 1330 Avenue of the Americas, 32nd Floor
                                                 New York, NY 10019
                                                 Telephone: (646) 837-7150
                                                 Facsimile: (212) 989-9163
                                                 Email: pfraietta@bursor.com

                                                 **BURSOR & FISHER, P.A**.
                                                 Stefan Bogdanovich (*pro hac vice app.
                                                 forthcoming*)
                                                 Emily A. Horne (*pro hac vice app. forthcoming*)
                                                 1990 North California Blvd., Suite 940
                                                 Walnut Creek, CA 94596

14

Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Attorneys for Plaintiff*